IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

CALVIN EFFRON                                                                       PETITIONER

VS.                              CASE NO. 2:18CV00150 KGB/PSH

C. V. RIVERA, Warden,
FCI                                                                                  RESPONDENT

FINDINGS AND RECOMMENDATION

INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court Clerk within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

DISPOSITION

Calvin Effron ("Effron"), an inmate in the custody of the United States, is housed at Forrest City Medium Federal Correctional Institution. Effron seeks habeas corpus relief, filing a petition pursuant to 28 U.S.C. § 2241. Docket entry no. 3. The case was originally filed in the United States District Court, Eastern District of Louisiana, but was transferred to this Court. The Order transferring the case acknowledged Effron's contention that he was entitled to pursue § 2241 relief with this Court because relief from the sentencing Court would be "inadequate or ineffective" under 28 U.S.C. § 2255. Docket entry no. 7.

Effron stands convicted of a total of eight drug and firearm offenses following a 2008 jury trial in the United States District Court, Eastern District of Louisiana. He was sentenced to 360

months' imprisonment. This sentence reflected, in part, his status as a career offender due to two prior Louisiana felony convictions for manslaughter. On direct appeal, the parties agreed the sentence was to be vacated and Effron resentenced "because some necessary documents were not provided to the district court for consideration with regard to prior convictions." *United States v. Effron*, 328 Fed.Appx. 311, 311-312. (5th Cir. 2009).

After the record was supplemented, Effron was resentenced in October 2009, receiving the same sentence as before – 360 months. The conviction and sentence imposed on remand by the sentencing Court were affirmed. *United States v. Effron*, 417 Fed.Appx. 378 (5th Cir. 2011), cert. denied, 565 U.S. 835 (2011), rehearing denied, 565 U.S. 1074 (2011).

In 2012, Effron filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. He alleged four instances of ineffective assistance of counsel. The sentencing Court denied this motion on January 3, 2013. *United States v. Effron*, 2013 WL 56135 (E.D. La. 2013). In its Order, the sentencing Court stated that when Effron was resentenced, the Court found "that regardless of whether Effron was a career offender as defined by the guidelines, the Court's sentence would be the same."[1] *Id.* at 1. Effron did not appeal this ruling.

In 2015, while housed in a federal correctional institution in California, Effron filed a petition for relief pursuant to 28 U.S.C. § 2241 in the United States District Court, Central District of California. Effron alleged that because of the then-recent case of *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015), his previous manslaughter convictions no longer qualified as predicate crimes of violence under the federal sentencing guidelines. As a result, he argued that he should not have been deemed a career offender and the sentence imposed by the Louisiana Court was improper. The California Court dismissed the petition for lack of jurisdiction. Generally, the Court noted that a § 2255 petition filed in the Court where a petitioner was convicted is the statutory path available for federal inmates challenging their convictions. In contrast, section § 2241 petitions, filed in the

---

[1] The Judgment and Probation/Commitment Order provided to the Court does not include this language cited by the sentencing Court. See docket entry no. 15-2, and *United States v. Effron*, 2013 WL 56135 (E.D. La. 2013).

federal court in the district where an inmate is confined, provide a mechanism for an inmate to challenge the manner, location, or conditions of a sentence's execution. The Court noted an exception in which § 2241 can be utilized to attack a conviction when the petitioner demonstrates that a § 2255 petition in the sentencing court is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). In denying relief, the Court found the exception did not exist in Effron's case. Rather, the Court determined that Effron's petition was "clearly a disguised Section 2255 motion that is prohibited" under Ninth Circuit precedent. *Effron v. Tews*, 2016 WL 8732427, 3 (C.D. Ca. 2016). Effron did not appeal.

In 2016, Effron filed a motion for reduction of sentence with the sentencing Court. The Court denied him relief and he appealed. Although the decision of the sentencing Court on the merits of the motion have not been provided to the Court, the undersigned can surmise from the opinion on appeal that Effron argued he was entitled to a reduction pursuant to amendments that revised the drug Sentencing Guidelines. The Fifth Circuit Court of Appeals denied relief, and provided clarity on the sentence imposed on Effron:

> Because Effron's sentence was based on the career offender Sentencing Guideline, he is ineligible for a sentence reduction pursuant to the amendments that revised the drug Guideline. *See United States v. Quintanilla*, 868 F.3d 315, 319-22 (5th Cir. 2017), *cert. denied*, ––– U.S. –––, 138 S.Ct. 1283, 200 L.Ed.2d 477 (2018). Therefore, the district court did not abuse its discretion or otherwise err in denying Effron's motions. *See id.* at 319; *United States v. Rabhan*, 540 F.3d 344, 346-47 (5th Cir. 2008).
>
> To the extent that Effron argues he is eligible for a sentence reduction because the district court stated at resentencing that the sentence was not based on his status as a career offender, he misunderstands the district court's statements. The district court's statements at resentencing reflect that it based the sentence on the guidelines range that applied with the career offender enhancement even though the district court indicated that it would have imposed the same sentence as an upward variance from the guidelines range even if the career offender enhancement did not apply.

*United States v. Effron*, 740 F. App'x 73 (5th Cir. 2018).

As previously noted, the petition now before this Court was originally filed with the sentencing Court. In this petition, Effron alleges: (1) under *Johnson v. United States*, ___ U.S. ___,

135 S. Ct. 2551 (2015), Effron's Louisiana manslaughter convictions are not crimes of violence for purposes of an upward departure pursuant to the federal guidelines; and (2) his guideline enhanced sentence violates the laws of the United States and results in a miscarriage of justice.

**Analysis**

Respondent C.V. Rivera ("Rivera") contends these grounds are without merit, in part relying on the sentencing Court's comments that Effron's sentence would be the same whether or not he was a career offender. Rivera also argues that *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015), and *Sessions v. Dimaya*, ___ U.S. ___, 138 S. Ct. 1204 (2018), another case cited in Effron's petition, do not dictate the result sought by Effron. Finally, Rivera also states the petition should be dismissed for lack of jurisdiction.

The Court first considers if it has subject matter jurisdiction of Effron's § 2241 petition. To establish jurisdiction, Effron must show that a § 2255 remedy in the sentencing court is inadequate or ineffective. The scope of a petition pursuant § 2241 is clear:

> Generally, a federal inmate may challenge his ... sentence only with the sentencing court through a motion to vacate, set aside, or correct [his] sentence under 28 U.S.C. 2255. *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010) (citing *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004) ... A habeas corpus petition under 28 U.S.C. 2241, on the other hand, attacks the execution of a sentence or the manner in which the sentence is being carried out, and falls within the subject-matter jurisdiction of the court presiding in the judicial district where the prisoner is being held. *Methany v. Morris*, 307 F.3d 709, 711-712 (8th Cir. 2002).
>
> A court cannot entertain a petition for habeas corpus under 2241, "if it appears that the applicant has failed to apply for relief, by [2255] motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by [2255] motion is inadequate or ineffective* to test the legality of his detention." 28 U.S.C. § 2255(e) (emphasis added). This latter provision is generally referred to as 2255's savings clause.
>
> To qualify for the savings clause, a petitioner must demonstrate that seeking relief from the sentencing court would be inadequate or ineffective. *Lopez–Lopez*, 590 F.3d at 907 (citing *Abdullah*, 392 F.3d at 959). But this exception is a "narrowly circumscribed safety valve." *United States ex rel. Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1061–62 (8th Cir.2002), ... The fact that an individual is barred from

> filing a 2255 motion for procedural reasons does not render the remedy inadequate or ineffective. *Lopez–Lopez,* 590 F.3d at 907. The 2255 remedy is not inadequate or ineffective because ... a 2255 petition was time-barred. *Id.*

*See Alexander v. Haynes*, 2013 WL 5507665, 3 (E.D. Ark. 2013) (Miller, J.) (emphasis in original) (adopting recommended disposition of Deere, J.).

The scope of the 28 U.S.C. 2255(e) "savings clause" is not entirely clear, and the phrase "inadequate or ineffective" has not been thoroughly defined. *See United States v. Lurie*, 207 F.3d 1075 (8th Cir. 2000). Courts, though, have identified conditions that a petitioner must satisfy in order to gain the benefit of the "savings clause." For instance, in *Mathison v. Berkebile*, 988 F.Supp.2d 1091, 1097-1098 (D.S.D. 2013), a federal district court adopted the following conditions articulated in *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001):

> [T]he savings clause of 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first 2255 motion.

Thus, in some instances, "jurisdiction over a 2241 petition may exist when there has been a change in the applicable law and that change had been deemed retroactively applicable. *See Deleston v. Wilson*, 2014 WL 3384680, 4 (D.Minn. 2014).

The question of whether Effron was properly sentenced in the United States District Court, Eastern District of Louisiana, is not before the undersigned. Instead, the question before the undersigned is whether the United States District Court for the Eastern District of Arkansas, the district of his incarceration, has subject matter jurisdiction over his § 2241 petition. Applying the governing law to the facts of this case, the undersigned finds that the United States District Court for the Eastern District of Arkansas does not have subject matter jurisdiction over Effron's petition.

Here, Effron is attempting to undertake a collateral attack of his sentence. The undersigned takes no position on whether *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015), and

*Sessions v. Dimaya*, ___ U.S. ___, 138 S. Ct. 1204 (2018) are retroactively applicable United States Supreme Court decisions. Assuming, *arguendo*, that the decisions are retroactively applicable, Effron is nevertheless not entitled to the benefit of the 28 U.S.C. 2255(e) "savings clause." "The core idea of the 'savings clause' in section 2255 'is that the petitioner may have been imprisoned for conduct that was not prohibited by law.'" *See Lott v. Willis*, 2017 WL 384074, 5 (W.D.Tex. 2017) (quoting *Reyes-Requena v. United States*, 243 F.3d at 903). Effron is not challenging his federal conviction in this case; instead, he is challenging his sentencing as a career offender. His challenge is not based on retroactively applicable Supreme Court decisions *which establish that he may have been convicted of a nonexistent offense*, and his challenge does not suggest that he was convicted of a nonexistent offense. As a result, his path to any possible relief is via section 2255 with the trial court, not via section 2241 with this Court.

The undersigned recommends that the petition be dismissed for the reasons stated herein. The dismissal should be without prejudice, to allow Effron to pursue section 2255 relief by seeking authorization from the Fifth Circuit Court of Appeals to file a second or successive petition with the trial court. See 28 U.S.C. § 2255(h). The relief requested should be denied, and judgment entered for Rivera.

IT IS SO ORDERED this 18th day of March, 2019.

_____
UNITED STATES MAGISTRATE JUDGE